UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. V. GRUBBS, JR.,                                   Case No. 12-14621

        Plaintiff,                         Denise Page Hood
v.                                                   United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                     Michael Hluchaniuk
                                                     United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 10, 13)**

**I.    PROCEDURAL HISTORY**

    **A.    Proceedings in this Court**

On October 18, 2012, plaintiff L. V. Grubbs, Jr., filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Denise Page Hood referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability insurance benefits and supplemental security income benefits.  (Dkt. 2).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 10, 13).

### B.   Administrative Proceedings

Plaintiff filed the instant claims for disability and disability insurance benefits and supplemental security income on July 23, 2009, alleging that he became disabled on June 18, 2008.  (Dkt. 6-5, Pg ID 134-35, 141-44).  Plaintiff's claim was initially disapproved by the Commissioner on November 12, 2009.  (Dkt. 6-3, Pg ID 97-98).  Plaintiff requested a hearing and on April 19, 2011, plaintiff appeared, without a representative, before Administrative Law Judge ("ALJ") John W. Belcher, who considered the case de novo.  (Dkt. 6-2, Pg ID 56-95).  In a decision dated May 13, 2011, the ALJ found that plaintiff was not disabled.  (Dkt. 6-2, Pg ID 40-49).  Plaintiff requested a review of this decision on October 3, 2011.  (Dkt. 6-2, Pg ID 36-39).  The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1]  the Appeals Council on September 17, 2012, denied plaintiff's request for review.  (Dkt. 6-2, Pg ID 38-32); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1959 and was 49 years of age on the alleged disability onset date and 52 years old at the time of the administrative hearing.  (Dkt. 6-2, Pg ID 47).  Plaintiff's past relevant work history includes work as an assembler, dishwasher, forklift operator, general laborer, press operator, and cleaner.  (Dkt. 6-2, Pg ID 47; Dkt. 6-6, Pg ID 172-79).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Dkt. 6-2, Pg ID 45).  At step two, the ALJ found that plaintiff's asthma and mild osteoarthritis of the knees were "severe" within the meaning of the second sequential step, but that his hypertension, trigger fingers, obesity, gall bladder removal, and deconditioning were not severe, and that his anemia and bilateral carpal tunnel syndrome were not medically determinable from the current medical reports.  (*Id.*).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 6-2, Pg ID 46).  The ALJ determined

3

that plaintiff has the following residual functional capacity ("RFC"):

> to lift/carry or push/pull 20 pounds occasionally or 10 pounds frequently. In an 8-hour workday, he can stand/walk for 6 hours or sit for 6 hours. Climbing of stairs, ladders, ropes, and scaffolding is occasional. Also occasional are bending/stooping, kneeling, crouching, and crawling. The claimant can have no more than occasional exposure to temperature extremes, humidity, vibration, fumes, odors, gases, and poor ventilation, hazardous or fast machinery, and unprotected heights.

(Dkt. 6-2, Pg ID 46-47).

At step four, the ALJ found that plaintiff was unable to perform his past relevant work, which was classified as performed at the medium exertional level. (Dkt. 6-2, Pg ID 47). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 6-2, Pg ID 48). Specifically, the vocational expert testified that an individual with plaintiff's RFC would be able to perform the requirements of representative occupations such as mail room clerk, assembler, and retail attendant. (*Id.*).

### B.    Plaintiff's Claims of Error

Plaintiff argues that the ALJ failed to consider the entire record in rendering a decision in this matter, and that the Commissioner compounded this error by failing to include in the record the materials the ALJ erroneously disregarded. According to plaintiff, at the commencement of the hearing before the ALJ, it was

4

noted that the record, originally composed of exhibits 1A through 6F, would be

expanded to take into account two more exhibits consisting of records from

plaintiff's treating doctors:

> ALJ:  All right. Then I'm going to admit all exhibits 1A through 6F, and assuming that these other documents that are coming through, new documents not things I already have in the record, I will also admit them.  I don't know if – is it just from one place, or is it more than one doctor.  Is it –
>
> CLMT:  Yeah, I have to have two doctor [sic].  I got a family doctor, and Dr. Alise (phonetic), and he's actually, he's my actual doctor.
>
> ALJ:  Okay, then there'll probably be two different exhibits –
>
> CLMT:  Yeah.
>
> ALJ:  – and those would be seven and eight F, will be the next two documents in line. All right. And I'll admit those into the records as well.

(Tr. 38).   However, the "List of Exhibits" attached to the ALJ's decision does not

include either Exhibit 7F or Exhibit 8F (Tr 23-25), nor is there any mention of

them in the course of the ALJ's decision.  Instead, the ALJ repeatedly pointed out

the lack of treatment records, stating, for example:  "These disclosures, Dr. Choi's

remark about the claimant alleging he could walk only two feet, and *the*

*sparseness of the treatment record* undermine Mr. Grubbs' case."  (Tr 20;

emphasis added).

Plaintiff contends that the Commissioner's own procedure manual, the

"POMS," indicates that the failure to include an exhibit in the List of Exhibits or discuss it in the opinion should lead to the assumption that the evidence in question was never considered: "If the folder contains any material which is pertinent to the issue(s) decided by the ALJ, but which is neither mentioned in the body of the decision, nor named in the List of Exhibits, you may assume that it was not considered."  POMS SI 04040.060(A)(2)(c).  While the POMS manual does not have the force of law, plaintiff argues that it is nonetheless persuasive and should be followed if not arbitrary and capricious.  *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989); *Drombetta v. Sec'y of Health & Human Servs.*, 845 F.2d 607,609 (6th Cir. 1987).  Plaintiff continues that certainly, a rule that deems questionable a decision that lacks any indication that duly admitted evidence was considered, is neither arbitrary nor capricious.

Plaintiff submits that the Court should not deem this error harmless, even if other substantial evidence may exist supportive of the ALJ's decision, where the ALJ might have reached a different decision had he considered the materials admitted but then disregarded.  *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284, 1292-1293 (6th Cir. 1997); *Lohr v. Comm'r of Soc. Sec.*, 559 F. Supp.2d 784 (E.D. Mich. 2008).  Plaintiff further contends that the Court cannot even tell whether this is likely or not, given defendant's failure to provide it with a complete record of the evidence admitted to the ALJ.  According to plaintiff, the

statute that sets forth the parameters of this Court's review of a decision of the Commission states, "As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."  42 U.S.C. § 405(g).  However, only Exhibit 7F is included, while Exhibit 8F is omitted, which plaintiff asserts constitutes reversible error alone.

Plaintiff argues that Exhibit 7F was included in the record in this matter, and it details significant treatment for plaintiff's asthma, including objective testing.  (Tr. 279-90).  According to plaintiff, had the ALJ considered this exhibit, he may not have bemoaned "the sparseness of the treatment record."  (Tr. 20). Plaintiff asserts that it is unknown what Exhibit 8F might have demonstrated, since the only known copy of it was presented to Commissioner, but it does not appear in the current record.  Plaintiff argues that it may fairly be assumed, however, that Exhibit 8F would further fill out the treatment record so as to eliminate or at least ameliorate the sparseness the ALJ decried.  Plaintiff argues that, as a result, this matter must be remanded to the ALJ for further consideration of the full record, including the exhibits previously admitted but then disregarded.

### C.    The Commissioner's Motion for Summary Judgment

The Commissioner argues that the ALJ's decision was supported by substantial evidence and remand is not warranted because plaintiff has failed to

show that the additional evidence in Exhibit 7F was material.  According to the Commissioner, evidence submitted to a reviewing court may be considered to determine if remand is warranted under Sentence Six of 42 U.S.C. § 405(g), and a court may remand for consideration of the additional evidence only if the party requesting remand shows that the evidence is new and material and provides good cause for not submitting the evidence at a prior proceeding.  *See* 42 U.S.C. § 405(g); *Melkoyan v. Sullivan*, 501 U.S. 89, 98, 101-02 (1991); *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).  To show that additional evidence is material, a claimant "must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  According to the Commissioner, plaintiff claims that this case should be remanded because the ALJ did not consider Exhibits 7F and 8F in his decision.  Plaintiff also argues that the Commissioner did not submit plaintiff's mental health evidence from one of his physicians, which he contends would have been included as Exhibit 8F.

The Commissioner contends that plaintiff's argument is meritless because plaintiff has not shown that he submitted these two exhibits to the ALJ or that the records contained within these exhibits were material.  According to the Commissioner, during the administrative hearing, plaintiff's counsel stated that he

had new medical evidence to submit to the administrative record and he would

have "the staff" fax the new medical evidence to the agency. (Tr. 37). The ALJ

admitted Exhibits 1A through 6F to the administrative record, but with respect to

the records that plaintiff's counsel requested to be faxed, the ALJ stated,

"assuming that these other documents that are coming through, new documents

not things I already have in the record, I will also admit them." (Tr. 38). When

the ALJ asked whether the new evidence was coming from one doctor or more

than one doctor, plaintiff responded that he had two doctors, so the ALJ stated that

there would "*probably* be two different exhibits" which he would label Exhibits

7F and 8F. (Tr. 38) (emphasis added). The Commissioner argues that, other than

his guess that the evidence was from two separate doctors, plaintiff has not shown

that he submitted evidence from two doctors. Indeed, during the hearing when

responding to the ALJ's inquiry, plaintiff only identified one doctor– "Dr. Alise"

[phonetic]. (Tr. 38). The Commissioner asserts that the medical records from

Yasser Aleech, M.D., are contained within the administration record as Exhibit 7F.

(Tr. 279-90). According to the Commissioner, this exhibit, which plaintiff

submitted to the Appeals Council, is not material. Indeed, the Commissioner

continues, the medical notes in Exhibit 7F contain no evidence of disabling

functional limitations and no clinical findings that indicated plaintiff had greater

functional limitations than those found by the ALJ. (Tr. 2, 279-90). *See Casey v.*

*Sec'y of Health & Human Servs.*, 987 F.2d 1230 (6th Cir. 1993) ("[E]ven if we were to consider the additional evidence as part of the record in determining whether the ALJ's decision was supported by substantial evidence, our conclusion would not change. This additional evidence does not further her cause in any significant way.").

The Commissioner further argues that plaintiff did not provide a copy of the alleged missing records that would have constituted Exhibit 8F. Instead, plaintiff claims that the only known copy of these alleged records were given to the ALJ. The Commissioner contends that plaintiff's claim lacks merit because plaintiff had the opportunity to review his file and verify the records at all times, even after the ALJ's decision, when plaintiff appealed his claim to the Appeals Council. Yet, plaintiff failed to submit the alleged Exhibit 8F records, identify the doctor or medical institution, and specify what information is contained within the records. The Commissioner further notes that on March 11, 2013, in plaintiff's Second Motion for Extension of Time in Which to File Plaintiff's Motion for Summary Judgment, plaintiff's counsel requested more time in order to obtain a copy of the alleged missing Exhibit 8F records. (Dkt. 9). The Commissioner asserts that, to date, plaintiff has not produced those records to the Court or demonstrated that the evidence was material. In other words, plaintiff has not shown that the alleged missing records contained proof that he had disabling limitations during the

10

relevant period; that the records were not cumulative; or that the records provided a basis for finding a more favorable outcome. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006) (stating that claimant did not indicate which portions of documents were omitted from the record or explain how their inclusion might have led to a different outcome); *Sizemore*, 865 F.2d at 711 (providing that to satisfy the materiality requirement, the proponent of the new evidence must show "there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."). Significantly, plaintiff has not proven that these alleged missing records even exist. The Commissioner asserts that under the Act, it is always the claimant's burden to provide evidence of disability, 20 C.F.R. §§ 404.1512, 416.912, and plaintiff has not provided such evidence in this case and, ultimately, failed to prove that he was disabled.

The Commissioner contends that an incomplete or imperfect transcript can justify remand under sentence four only if the claimant was prejudiced on the merits. *Hollon*, 447 F.3d at 484 n. 8; *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651-52 (6th Cir. 2009). The Commissioner argues that plaintiff was not prejudiced in this case. Rather, a review of the record shows that the ALJ's decision was supported by substantial evidence. With regard to plaintiff's asthma, July 2009 chest x-rays showed no acute abnormalities. (Tr. 213). In addition, the

11

medical records show several times that plaintiff had unremarkable respiratory examination findings. (Tr. 184, 209, 229, 260, 269). Although the records show at one time he was treated for possible pneumonia, plaintiff was given antibiotics and his breathing, coughing and wheezing all significantly improved. (Tr. 238). According to the Commissioner, even the records from plaintiff's treating physician, Dr. Aleech, showed that plaintiff had no prolonged expiratory wheezing, no cough, and a quiet and regular respiratory rate. (Tr. 280, 283, 286). Dr. Aleech reported that plaintiff's breathing test showed only mild obstructive ventilatory defect with normal diffusion capacity and normal lung volumes – which he reported was an improvement from plaintiff's test results in 1997. (Tr. 290). With regard to plaintiff's mild osteoarthritis of his knees, the Commissioner assert that the record shows that plaintiff had normal extremity examinations with full muscle strength and range of motion. (Tr. 189, 183, 185, 202, 210, 230, 269). Additionally, September 2009 left knee x-rays showed only minimal degenerative changes involving the medial compartment, but was otherwise negative. (Tr. 266). Thus, the Commissioner concludes, the objective medical evidence supported the ALJ's decision that plaintiff was not disabled.

The Commissioner asserts that the state agency physician opinion also supports the ALJ's decision and his residual functional capacity determinations that Plaintiff could perform light work. Indeed, B.D. Choi, M.D., a state agency

physician, reviewed the evidence of record, and opined that plaintiff could perform light work that involved mostly occasional postural activities.  (Tr. 271-78).  The Commissioner argues that the ALJ properly relied on this opinion because, as the regulations provide, state agency medical consultants are "highly qualified" physicians and "experts" in the Social Security disability evaluations.  (Tr. 20).  20 C.F.R. §§ 404.1527(e)(2)(I), 416.927(e)(2)(I).

The Commissioner further contends that, despite applying for SSI and DIB due to alleged disabilities hindering him from working, plaintiff admitted that he was convicted of felonious assault and served two years in prison.  (Tr. 56-57).  Plaintiff testified that he could not secure a job because of his felony conviction until 2014.  (Tr. 56-57).  The Commissioner argues that plaintiff's inability to obtain work due to his felony conviction does not qualify him for disability.  *See* 20 C.F.R. §§ 404.1566(c), 416.966(c) (stating that an individual will not be found disabled if his residual functional capacity and vocational abilities make it possible for him to do work that exists in the national economy, but he remains unemployed because of, among other reasons, his inability to get work, the lack of work in the local area, or the hiring practices of employers).  The Commissioner contends that plaintiff's admission further undermines his claims of severe and disabling limitations.

The Commissioner thus concludes that the objective medical evidence,

13

clinical findings, expert state agency opinion, and plaintiff's admissions support

the ALJ's decision that plaintiff could perform a range of light work.  Given that

the vocational expert identified light and sedentary jobs that plaintiff could

perform despite his credible limitations, the ALJ reasonably concluded that

plaintiff was not disabled within the meaning of the Act.  (Tr. 21-22, 63-66).

Accordingly, substantial evidence supports the ALJ's decision and plaintiff's

claim of error should be denied.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is

not found during this administrative review process, the claimant may file an

action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.

McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.

Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.

Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence.").  "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

      If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

      The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

### B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch,

17

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

18

Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

19

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

## C.    Analysis and Conclusions

Plaintiff contends that the Commissioner's disability decision is in error and this case should be remanded because the ALJ did not consider Exhibit 7F in his decision.[2] Plaintiff's assertion that he submitted additional documents during the hearing to be included in the record is supported by the record. (Tr. 37-38). At the April 19, 2011 hearing, the ALJ inquired as to whether there were any new or additional exhibits and the hearing monitor stated that there were additional documents and that the "staff" was attempting to fax them to the ALJ. (*Id.*). The ALJ indicated that the record currently contained Exhibits 1A through 6F, and that he would admit the additional documents once received, assuming that the documents were new and not documents already in the record. (Tr. 38). A review

---

[2] Plaintiff also claims that the ALJ failed to consider additional documents from a "family doctor" he claims should have been included in the record as Exhibit 8F. However, plaintiff fails to identify the doctor or medical institution providing the documents or explain the information allegedly contained in those documents. Instead, he simply claims that he does not have a copy of those documents. Plaintiff has failed to show that the alleged missing documents contained any proof that he had disabling limitations, or even provided a basis for finding a more favorable outcome, or even that the documents exist. Thus, the undersigned concludes that plaintiff's argument regarding "Exhibit 8F" is meritless and his claim of error based on the omission of Exhibit 8F from the record should be denied.

a Exhibit 7F reveals that it shows a date/time stamp on each page indicating that it was faxed on April 19, 2011, starting at 4:26 p.m and ending at 4:27 p.m., the same date and time as the hearing in this matter (Tr. 280-90), and Exhibit 7F was made a part of the record on April 26, 2011 (Tr. 279).  The ALJ's decision was rendered on May 13, 2011 (Tr. 22), however, he failed to include Exhibit 7F in the List of Exhibits to his decision.  (Tr. 23-25).  Therefore, even though "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered" *see Simons v. Barnhart*, 114 Fed. Appx. 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)), it is not clear that the ALJ considered those records in Exhibit 7F.  The ALJ's narrative discusses the medical records, but does not specifically discuss those records in Exhibit 7F.  (*See generally* Tr. 18-22).  Moreover, the ALJ's decision does not mention the receipt of additional records.  (*See generally id.*).

The issue thus becomes the legal consequence of the ALJ's omission.  Plaintiff argues that this matter must be remanded to the ALJ so that he can discuss the records in Exhibit 7F.  The undersigned notes that "an ALJ must base his or her disability determination on the entire record."  *See Smith v. Comm'r of Soc. Sec.*, 2013 WL 5243448, at *13 (E.D. Mich. Sept. 18, 2013) (citing 20 C.F.R. §§ 416.920b, 416.945(a)(3); SSR 06-03p, 2006 WL 2329939, at *1 ("In

accordance with sections 223(d)(5) and 1614(a)(3)(H) of the Act, when we make a

determination or decision of disability, we will consider all of the available

evidence in the individual's case record.")).  However, a general rule of appellate

review is that remand is not required unless the ALJ's error was harmful.  *See id.*

(citing *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009)

("Generally . . . we review decisions of administrative agencies for harmless error.

. . .  Accordingly, if an agency has failed to adhere to its own procedures, we will

not remand for further administrative proceedings unless the claimant has been

prejudiced on the merits or deprived of substantial rights because of the agency's

procedural lapses.") (internal quotation marks omitted)).  An incorrect application

of the regulations is harmless error when the correct application would not change

the ALJ's ultimate decision.  *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528,

535 (6th Cir. 2001).  The Court may look to any evidence in the record, even that

not cited by the ALJ, to see whether the ALJ's findings are based upon substantial

evidence, even if the ALJ failed to cite the report in his conclusion.  *Id.* ("The

Court may review Dr. Haun's report, in its consideration of the record as a whole,

to determine if the ALJ's decision was based upon substantial evidence, even if

the ALJ failed to cite the report in its conclusion.").  The undersigned concludes

that here, plaintiff has not persuaded the Court that the ALJ's failure to discuss the

post-hearing evidence was harmful.  *See Smith*, 2013 WL 5243448, at *14 (citing

22

*Shineski v. Sanders*, 556 U.S. 396 (2009) for the proposition that the burden is on the party attacking the Commissioner's decision to prove that the ALJ's error was not harmless).

The undersigned begins by noting that the evidence in the record considered by the ALJ strongly supports the ALJ's disability determination.  In his decision, the ALJ summarized plaintiff's hearing testimony and the objective record evidence.  (Tr. 19-20).  With regard to plaintiff's asthma, the record shows that plaintiff was treated for his asthma in 2008, and the ALJ noted that there were four episodes of pneumonia in the past few years.  (Tr. 20).  In January 2008, plaintiff's lungs were found to be clear, with no wheezes, rhonchi or crackles, and on September 22, 2008, plaintiff complained of shortness of breath and tightness in his chest, he was found on examination to have bilateral diffuse wheezing-bronchospasms (i.e., no cough), and he received medication and breathing treatments.  (Tr. 178-81).  In March 2009, plaintiff reported that his breathing has been "pretty good," and on examination plaintiff's lungs were found clear, with no shortness of breath or cough, and plaintiff's asthma was described as "well controlled."  (Tr. 184-85).  Plaintiff was treated for asthma exacerbation and possible early pneumonia in early- and mid-July 2009 (Tr. 202, 209-10), and on July 30, 2009, plaintiff's lungs were found to be normal to inspection and clear to percussion and auscultation, and his asthma was assessed as asymptomatic.  (Tr.

259-60).

Regarding plaintiff's complaints about his knee, back and hands, the record shows that plaintiff complained of left knee pain in January 2008 because he bumped into a table, and complained of back pain in April 2008 after lifting weights. (Tr. 180-81). In September 2008, plaintiff complained that his hands get achy and numb, but the record reveals no complaint of back or joint pain, and normal musculature and extremities with no edema or cyanosis at that time. (Tr. 178-81). In March 2009, plaintiff complained again of numbness in his hands, but his hands showed full range of motion with no joint deformity, heat, swelling, erythema or effusion. (Tr. 184-85). In July 2009, plaintiff underwent a cholecystectomy. (Tr. 236-39). On July 30, 2009, plaintiff's extremities had no edema or cyanosis, although he had some pain and numbness with flexion of his wrists, noted to be consistent with carpal tunnel syndrome. (Tr. 259-60).

On September 28, 2009, Dr. Bharti Sachdev, M.D., performed a consultative examination of plaintiff. (Tr. 268-70). Plaintiff's chief complaints were asthma and knee and lower back pain. (*Id.*). On examination, Dr. Sachdev noted that plaintiff's lungs were normally resonant and his breath sounds were bronchovesicular (normal), with no rhonchi or crackles, and plaintiff's neck, spine and joints showed a normal range of motion, the bulk, tone and strength of his upper extremities was normal, and he had tenderness on the flexor tendons of the

24

first and second fingers of both hands.  (*Id.*).  Plaintiff could bend fairly well and

squat and his grip strength was described as fair.  (*Id.*).  An x-ray of plaintiff's left

knee was unremarkable, showing only minimal degenerative changes, with no

significant joint effusion.  (Tr. 266).  Dr. Sachdev opined that deconditioning

appears to be the major factor causing plaintiff to have some achy joints, and

recommended that plaintiff get physical rehabilitation and that he would benefit by

a gradually tailored exercise program with diet control.  (Tr. 268-70).  Dr. B.D.

Choi, M.D., reviewed plaintiff's medical records and completed a Physical

Residual Functional Capacity Assessment of plaintiff in November 2009, in which

he concluded that plaintiff could perform light level work with some postural

limitations, such as only occasional climbing, stooping, kneeling, crouching and

crawling, and environmental limitations, including avoiding concentrated

exposure to vibration, fumes, odors, dusts, gases, poor ventilation, and hazards

(such as machinery and heights).  (Tr. 271-78).  Dr. Choi found plaintiff to be

partially credible, and that the diagnoses in the file would not support plaintiff's

statement that he is only able to walk two feet and then require two hours of rest.

(*Id.*).  The ALJ properly relied on these opinions because state agency consultants

are "highly qualified" physicians and "experts" in Social Security disability

evaluations.  20 C.F.R. §§ 404.1527(e)(2)(I), 416.927(e)(2)(I).  This evidence,

which is cited by the ALJ in his decision, constitutes substantial evidence

2:12-cv-14621-DPH-MJH   Doc # 14   Filed 02/04/14   Pg 26 of 30   Pg ID 391

supporting his RFC determination and finding of no disability.

The undersigned suggests that the post-hearing evidence from Dr. Yasser M Aleech, M.D., does not reasonably support a different finding. Those records detail three office visits with Dr. Aleech in 2010 for treatment for asthma and pulmonary function testing. (Tr. 280-90). Plaintiff saw Dr. Aleech in January 2010 for a pulmonary consultation. (Tr. 285-87). Plaintiff reported to Dr. Aleech that his asthma was doing much better until about one year ago. (*Id.*). On examination, Dr. Aleech noted that plaintiff's lungs were good, with equal breath sounds bilaterally, no prolonged expiratory phase or expiratory wheezing and no consolidation or effusion. (Tr. 286). Dr. Aleech noted that a December 2009 chest x-ray showed no active pulmonary disease and a January 2010 breathing test showed mild obstructive ventilatory defect with an FEV1 of 1.92 liters or 72% of perceived, with normal diffusion and normal lung volumes, and Dr. Aleech assessed plaintiff with poorly controlled asthma, allergic rhinitis, obesity, and possible obstructive sleep apnea syndrome. (Tr. 287, 290). Dr. Aleech saw plaintiff again in August 2010 for a follow-up appointment, and noted on examination diminished but equal breath sounds bilaterally, with no prolonged expiratory phase or expiratory wheezing and no consolidation or effusion process, and again assessed plaintiff with poorly controlled asthma, on maximum medical management, GERD and possible obstructive sleep apnea syndrome. (Tr. 283-84).

26

Plaintiff saw Dr. Aleech again in September 2010, at which time plaintiff reported that he has done quite well through the month, with no cough or wheeze and no shortness of breath since he changed medication. (Tr. 280). On examination, Dr. Aleech noted that plaintiff's respiratory rate was quiet and regular and his breath sounds were vesicular with no adventitious sounds, and he recommended that plaintiff return in three months. (*Id.*). Thus, Exhibit 7F consists solely of treatment notes and testing and Dr. Aleech did not offer any opinion as to plaintiff's limitations, restrictions or ability to work. Nor do Dr. Aleech's treatment notes support greater restrictions than those cited in the ALJ's RFC. In reviewing plaintiffs' appeal, the Appeals Council considered plaintiffs' reasons for disagreeing with the ALJ's decision, and also reviewed the medical notes by Dr. Aleech and  similarly "determined that these records contain no evidence of functional limitations, and contain no clinical findings that would indicate greater functional limitations than those found by the Administrative Law Judge," and thus did not provide a basis for changing the ALJ's decision. (Tr. 1-2).

Although the ALJ should have included a reference to Dr. Aleech's treatment notes in his decision, plaintiff has not persuaded the Court that the ALJ's failure to consider and discuss the post-hearing evidence was harmful. *See Smith*, 2013 WL 5243448, at *14 (citing *Shineski*, 556 U.S. 396). Plaintiff merely contends that the ALJ "might have reached a different decision had he considered

the materials admitted but then disregarded." (Dkt. 10, Pg ID 341-42). However, plaintiff fails to detail what finding or opinion in Dr. Aleech's treatment notes would support a contrary decision. Rather, as stated above, Dr. Aleech did not offer any opinion as to plaintiff's limitations, restrictions or ability to work, and the treatment notes do not support greater restrictions than those cited in the ALJ's RFC. The mere diagnosis of asthma in the records, standing alone, says little about plaintiff's ability to function in a work environment. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."). In sum, the post-hearing evidence is of little probative value on the issue before the ALJ–plaintiff's ability to function in a work environment despite his physical impairments–and the evidence the ALJ did review is much more probative on that issue and strongly suggests that plaintiff is not disabled. Thus, because review of these additional records in Exhibit 7F would not likely change or modify the ALJ's determination, a remand is not warranted, as no purpose would be served by remanding for the ALJ to explicitly address this evidence. *See Smith*, 2013 WL 5243448, at *14-15 (holding ALJ's failure to consider plaintiff's post-hearing evidence was harmless error); *Cf. Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (citation omitted) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is a reason to believe that remand might

28

lead to a different result.").

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: February 4, 2014                      s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 4, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Norton J. Cohen, Ameenah Lewis, Lynn Marie Dodge, AUSA, and the Commissioner of Social Security.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7850
                                            tammy_hallwood@mied.uscourts.gov

30