UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.V. GRUBBS, JR.,

       Plaintiff,

v.                                                          Case No. 12-14621
                                                           Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**ORDER REJECTING REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
and REMANDING ACTION**

     This matter is before the Court on Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation **[Doc. No. 14, filed February 4, 2014]**. An Objection to the Report and Recommendation was timely filed by the Plaintiff L.V. Grubbs, Jr. No response to the Objection was filed. For the reasons below, the Court rejects the Magistrate Judge's Report and Recommendation and remands the matter to the Commissioner of Social Security.

     Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health*

*and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge correctly sets forth the facts and the law, but did not reach the correct conclusion. This Court agrees with Plaintiff's Objection that the failure by the ALJ to address the additional documents submitted by Plaintiff and admitted at the hearing by the ALJ, coupled by the failure to list and attach the exhibits to the record, require this matter be remanded to the Commissioner to address the matter. (Tr. 23-25) The ALJ admitted Exhibits 7F and 8F during the hearing. The record indicates Exhibit 7F was faxed, but Exhibit 8F is still missing and it appears Plaintiff was unable to produce the document at this stage of the proceedings. (Tr. 31, 37-38, 279-80) Exhibit 7F is relevant because it is medical record from Plaintiff's treating physician, Yasser M. Aleech, M.D., regarding Plaintiff's pulmonary functions. (Tr. 280-90) Exhibit 8F is noted on the record as a document from Plaintiff's "family doctor." (Tr. 38) Plaintiff asserts that he should not be

punished for the Commissioner's negligence in failing to list and attach Exhibit 8F, in light of the record indicating the ALJ admitted the evidence. Although Exhibit 8F is still missing and Plaintiff is unable to locate the document, he argues that it is assumed submitted in light of the record noting such. It may be that Exhibit 8F is also relevant if it is a record from Plaintiff's treating "family doctor."

As noted by the Magistrate Judge, the ALJ is required to consider every medical opinion received when determining whether a claimant is disabled. 20 CFR § 416.920(a)(3). The assessment of medical evidence conducted at a hearing is important at step 5 of the evaluation of a social security disability claim because the residual function analysis the ALJ must perform and as applied by a vocational expert requires the VE to assess the claimant's ability to perform work. *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010). The ALJ's failure to apply the agency rules and regulations as to the exhibits he admitted "denotes a lack of substantial evidence, even when the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 939-40 (6th Cir. 2011). The Commissioner's violation of the agency's own rules and regulations may be deemed "harmless error" if 1) the treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; 2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or 3) where the Commissioner has met the goal of § 1527(d)(2)(giving controlling

weight to treating source if not inconsistent with the other substantial evidence in the case record), even though there was not compliance under the terms of the regulation. *Id.* at 940.

In this case, the Court will not determine whether Exhibit 7F or the missing Exhibit 8F is so patently deficient that the ALJ could not credit Plaintiff's treating physicians. The Sixth Circuit has held that an ALJ's decision is not supported by substantial evidence based on the ALJ's violation of the agency's procedural rules of not addressing or complying with the treating physician rule and the good reasons requirement. *Id.* "To hold otherwise ... would afford the Commission the ability [to] violate the regulation[s] with impunity and render the protections promised therein illusory." *Id.* (quotation omitted). Ignoring the medical evidence from Plaintiff's treating physicians was not harmless because this resulted in the ALJ's disregard of what could be substantial evidence to support Plaintiff's claim of disability. *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 729 (6th Cir. 2014). As noted by the Sixth Circuit, "[w]e do not hesitate to remand" when an ALJ violates the treating physician rule or fails to follow agency rules. *Id.* The Court will not allow the Commissioner to disregard agency rules and procedures. The Court remands the matter to further consider Plaintiff's medical records appropriately. The absence of a review of treatment records from a treating source and the lack of analysis of such made it impossible for the ALJ to properly assess

4

whether the Plaintiff was disabled and/or whether Plaintiff had the residual function capacity to perform any work.

The Magistrate Judge notes that according to the Commissioner a remand under sentence six could be considered, but the Court finds remand is appropriate under sentence four of 42 U.S.C. § 405(g) since the ALJ failed to apply the appropriate standards and regulations in denying disability benefits. The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*. A judgment

must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

A sentence six remand is for the Commissioner to consider new evidence which now has come to light, was not available to the claimant at the time of the administrative proceeding and that such evidence might have changed the outcome of the proceeding. *Melkonyan,* 501 U.S. at 98. In a sentence six remand, the district court does not affirm, modify, or reverse the Commissioner's decision or rule on the correctness of the administrative determination. *Id.* A sentence six remand is not appropriate since the evidence at issue was available to the claimant and the Commissioner at the time of the hearing.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Michael J. Hluchaniuk **[Doc. No. 14, filed February 4, 2014]** is **REJECTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 10, filed March 25, 2013]** is **GRANTED** as more fully set forth above and to that extent the matter is remanded for further review.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 13, filed May 20, 2013]** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[Doc. No. 15, filed February 18, 2014]** is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Commissioner's findings are **REVERSED** and this matter is **REMANDED** to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

**IT IS FURTHER ORDERED** that this action is designated as **CLOSED** on the Court's docket.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager